United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENT TAYLOR,

   Plaintiff,

  v.

MOUNTAIN VIEW POLICE
DEPARTMENT, et al.,

   Defendants.

Case No.  25-cv-06072-VKD

**ORDER GRANTING CITY OF
MOUNTAIN VIEW'S MOTION TO
DISMISS FIRST AMENDED
COMPLAINT**

Re: Dkt. No. 32

Kent Taylor, who is representing himself, sues the Mountain View Police Department ("MVPD") and Officers Jacob Humphreys and Jeff Reed, alleging violations of his civil rights. The City of Mountain View ("City")[1] moves pursuant to Rule 12(b)(6) to dismiss Mr. Taylor's first amended complaint ("FAC"), the operative pleading. Dkt. Nos. 32, 37. Mr. Taylor opposes the motion. Dkt. Nos. 35, 36. The Court held a January 13, 2026 hearing on the City's motion to dismiss. The City appeared at the hearing. Mr. Taylor did not. *See* Dkt. No. 41. Upon consideration of the moving and responding papers,[2] as well as the oral arguments presented, the Court grants the City's motion to dismiss, with leave to amend.[3]

---

[1] The City says it erroneously was sued as the "Mountain View Police Department." *See* Dkt. No. 32 at 1.

[2] As noted below, the Court has not considered matters outside the pleadings submitted by the parties.

[3] At the January 13, 2026 hearing, defense counsel confirmed that he and his firm represent the City and Officers Humphreys and Reed, and that as reflected in defendants' January 8, 2026 status report (Dkt. No. 40), Officers Humphreys and Reed consent to the jurisdiction of a magistrate judge for all purposes. Accordingly, all parties, served and unserved, have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 7, 25, 40.

## I.    BACKGROUND

According to the FAC, Mr. Taylor says that on February 1, 2025, he "was peacefully and lawfully enjoying his rights," when he observed three males beating "another, older person." Dkt. No. 28 at ECF 4. Mr. Taylor called the MVPD. *Id.* When the police arrived, the three males told them that Mr. Taylor threatened to set them on fire. *Id.* at ECF 6. Officer Reed questioned Mr. Taylor and allegedly did not advise Mr. Taylor of his *Miranda*[4] rights beforehand. *Id.* Additionally, Mr. Taylor says that he was not allowed to call his attorney during questioning. *Id.*

The FAC alleges that Mr. Taylor was then arrested, handcuffed, and placed in the back seat of a police vehicle for about ninety minutes, during which time "his movement was restricted and he was not free to leave or go." *Id.* at ECF 6, 7. Additionally, Mr. Taylor says that he was searched, and his property was taken from him and placed in a plastic bag. *Id.* at ECF 7. Mr. Taylor maintains that there was no evidence to corroborate the allegation that he threatened to set the three males on fire, stating that there were "no matches, there was no cigarette lighter, and there was no gasoline." *Id.* at ECF 6, 7. He further alleges that he "was not a safety risk because he had been searched for weapons, and there were approx[imately] five (5), or six (6), police officers present at the fight scene." *Id.* at ECF 7. Mr. Taylor eventually was released and given a detention certificate,[5] stating that the police found "insufficient grounds for making a criminal complaint" against Mr. Taylor. *See* Dkt. No. 30, Ex. A.

Mr. Taylor contends that his "rights under the United States Constitution were violated," and he "has suffered and continues to suffer emotional distress, or discomfort and annoyance, including non-economic loss, and economic loss." *Id.* at ECF 13. Additionally, Mr. Taylor alleges that he "suffer[s] great pain in his lower back from being seated in a small area of the police vehicle." *Id.*

---

[4] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[5] California Penal Code § 849 provides, in relevant part, that "[a] peace officer may release from custody . . . a person arrested without a warrant" if "[t]he officer is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested." Cal. Penal Code § 849(b)(1).

2

Mr. Taylor filed the present action on July 18, 2025 against the MVPD, asserting "false arrest and false imprisonment," as well as violations of his equal protection and due process rights under the Fourteenth Amendment. *See* Dkt. No. 1 at ECF 4. The City moved pursuant to Rule 12(b)(6) to dismiss the complaint, arguing that Mr. Taylor failed to plead sufficient facts to state viable claims for relief. *See* Dkt. No. 22. Mr. Taylor responded by stating that he did not oppose the motion to dismiss, and requested time to file an amended complaint. *See* Dkt. No. 26. Accordingly, the City's motion to dismiss was granted as unopposed, with leave to amend. Dkt. No. 27.

Mr. Taylor filed his FAC on November 20, 2025. Dkt. No. 28. The FAC adds Officers Humphreys and Reed as defendants. The FAC asserts claims for (1) violation of Mr. Taylor's Fourth Amendment rights, (2) violation of California Government Code § 815.2, and (3) violation of California Government Code § 815.6. Mr. Taylor seeks damages "in an amount not less than $75,000," as well as punitive damages. *Id*. at ECF 5-13.

The City moves pursuant to Rule 12(b)(6) to dismiss the FAC, arguing that the amended pleading does not state sufficient facts to support Mr. Taylor's claims for relief. The City also requests an order striking references to punitive damages on the ground that the City is not subject to such damages in actions brought under 42 U.S.C. § 1983.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

While pro se pleadings are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chambers v. C. Herrera*, 78 F.4th 1100, 1108 (9th Cir. 2023), a complaint should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed.

3

R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-cv-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).[6]

## III.    DISCUSSION

### A.    Clain 1: Fourth Amendment

#### 1.    Unlawful Arrest

Liberally construed, the FAC alleges that notwithstanding the issuance of a detention certificate, Mr. Taylor's detention was an "illegal de facto arrest" because the detention was unreasonably prolonged and made "without the proper legal authority." *See* Dkt. No. 28 at ECF 7. On the record presented, there appears to be no dispute that Mr. Taylor was detained by officers;

---

[6] Mr. Taylor and the City submitted declarations and materials outside the pleadings. *See* Dkt. Nos. 36, 37-1. As there is no indication that those materials were submitted for any purpose for which materials outside the pleadings properly may be considered, the Court has not considered them in resolving the present motion to dismiss.

United States District Court
Northern District of California

the point of contention seems to concern whether the detention became an unlawful arrest under the circumstances. Although the City emphasizes that Mr. Taylor was given a detention certificate, the City cites no authority for the proposition that the issuance of a detention certificate, in and of itself, means that Mr. Taylor's encounter with officers must be deemed a detention, rather than an arrest, as a matter of law. As the City acknowledged at the motion hearing, the law contains no bright line defining when an investigatory stop (or detention) becomes an arrest. *See Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996) ("There is no bright-line rule to determine when an investigatory stop becomes an arrest."). Nor does the law set rigid time limitations on detentions. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 992 (9th Cir. 2002). "Rather, in determining whether stops have turned into arrests, courts consider the 'totality of the circumstances.'" *Lambert*, 98 F.3d at 1185. "The relevant inquiry is always one of reasonableness under the circumstances." *Id*. (quotations and citations omitted).

In assessing the totality of the circumstances, courts "evaluat[e] not only how intrusive the stop was, but also whether the methods used were reasonable *given the specific circumstances*." *Id*. Thus, "the ultimate decision in such cases is fact-specific." *Id*. While certain police actions constitute an arrest in certain situations, those same actions may not constitute an arrest in other situations. *Id*. "Under ordinary circumstances, when the police have only reasonable suspicion to make an investigatory stop, drawing weapons and using handcuffs and other restraints will violate the Fourth Amendment." *Id*. at 1187. However, "[t]he whole point of an investigatory stop, as the name suggests, is to allow police to investigate . . . ." *Gallegos*, 308 F.3d at 991. Thus, more intrusive measures may be warranted in some situations than in others. *See Lambert*, 98 F.3d at 1186-87.

On the present motion, it is not the Court's role to evaluate whether or not Mr. Taylor may ultimately prevail on the merits of an unlawful arrest claim. Rather, the Court considers only whether the FAC alleges sufficient facts supporting a plausible claim that Mr. Taylor's detention was an unlawful arrest. *See* Dkt. No. 28 at ECF 7. In view of allegations that the three men at the scene told officers that Mr. Taylor threatened to set them on fire, the City argues that the FAC fails to allege facts that would allow a reasonable inference that a Fourth Amendment violation

occurred based on either an unlawful detention or an unlawful arrest. *See* Dkt. No. 32 at ECF 7; Dkt. No. 37 at ECF 2-3. However, liberally construing the FAC's allegations, and construing them in a light most favorable to Mr. Taylor, a potentially fair interpretation of the allegations is that he was unnecessarily handcuffed and placed in the back of a police vehicle for 90 minutes, when he posed no safety threat and there was no evidence corroborating the three men's statements that he threatened to set them on fire. The Court agrees with the City that the FAC's allegations are scant as to how events unfolded, what transpired during the alleged 90-minute detention, and the defendant officers' conduct establishing that they are liable for the alleged unlawful arrest. On the present record, however, the Court cannot conclude, as a matter of law, that the FAC fails to state a claim for unlawful arrest. Nevertheless, for the reasons discussed below, Mr. Taylor's Fourth Amendment claim must be dismissed as to the City for failure to allege sufficient facts supporting *Monell* liability.

### 2.    *Monell* Liability

The City moves to dismiss Mr. Taylor's Fourth Amendment claim on the ground that the FAC does not state sufficient facts to show that a City policy, custom, or practice led to a violation of his constitutional rights. To the extent Mr. Taylor seeks to hold the City liable for constitutional violations, the Court agrees that the FAC fails to state a plausible claim for *Monell* liability.

Municipalities may not be held vicariously liable for the unconstitutional acts of their employees under the theory of respondeat superior, *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978), and "[a] government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights," *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694). To state a claim for *Monell* liability, Mr. Taylor must allege facts showing that (1) he possessed a constitutional right of which he was deprived; (2) the City had a policy; (3) the policy amounts to deliberate indifference to Mr. Taylor's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Dougherty*, 654 F.3d at 900 (citing *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th

United States District Court
Northern District of California

Cir.1997)).  "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, customs, or habits."  *Johnson v. City of San Jose*, 591 F. Supp. 3d 649, 668 (N.D. Cal. 2022) (quotations and citation omitted).

While the FAC alleges that the conduct of Officers Humphreys and Reed was unlawful (*see* Dkt. No. 28 at ECF 5-7), the pleading is devoid of any facts that the City had a policy, custom, or practice that caused the alleged constitutional violations.  The Court grants the City's motion to dismiss the complaint for failure to state a *Monell* claim.

**B.      California Government Code § 815.2**

Mr. Taylor alleges that the City is vicariously liable for the defendant officers' actions under California Government Code § 815.2.  That statute provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  Cal. Gov. Code § 815.2(a).

The City does not appear to dispute that if an individual officer is liable for unlawful arrest, then the City may be vicariously liable under California Government Code § 815.2.  However, the City argues that Mr. Taylor's state law claims are barred because the FAC fails to allege compliance with claim-filing requirements under California law.  Specifically, the California Tort Claims Act requires the timely presentation of a written claim and the rejection of the claim, in whole or in part, before a plaintiff files suit.  *See* Cal. Gov. Code §§ 945.4, 950.2, 950.6(a); *Mangold v. California Pub. Utilis. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").  "It is proper to dismiss a state law claim where a plaintiff fails to allege facts demonstrating or excusing compliance with the Tort Claims Act."  *Puga v. Monterey Cnty. Dep't of Soc. & Emp. Servs.*, No. 25-cv-04655-BLF, 2025 WL 3567159, at *6 (N.D. Cal. Dec. 12, 2025) (citing *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009)).  Although Mr. Taylor states in his opposition papers that he complied with state law claim-filing requirements (*see* Dkt. No. 35 at

United States District Court
Northern District of California

7

ECF 6), the FAC alleges no such facts.  Accordingly, the Court grants the City's motion to dismiss Mr. Taylor's claim based on California Government Code §815.2.

While the Court cannot properly consider Mr. Taylor's declaration or the appended materials he presented in support of his opposition, at a minimum, Mr. Taylor's opposition papers suggest that he may be able to amend the FAC to remedy the identified deficiency concerning the state law claims presentation requirement.

### C.    California Government Code § 815.6

The FAC alleges violation of California Government Code § 815.6, which provides:

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

The City correctly argues that, although Mr. Taylor identifies this statute as the basis for his claim, this claim fails because the FAC does not identify the source of the statutory duty that allegedly was breached.  *See id*. (referring to "mandatory duty imposed *by an enactment*") (emphasis added); *see also Quinn v. Cnty. of Monterey*, No. 15-cv-03383-BLF, 2016 WL 344714, at *8 (N.D. Cal. Jan. 28, 2016) ("Neither [California Government Code § 815.2 nor § 815.6] creates a duty; instead, both rely on the existence of a duty arising from a separate source.")

Accordingly, the Court grants the City's motion to dismiss Mr. Taylor's claim based on California Government Code § 815.6.

### D.    Punitive Damages

The City's motion to strike Mr. Taylor's request for punitive damages against the City is granted.  Punitive damages are not available against municipalities in federal civil rights actions brought under 42 U.S.C. § 1983.  *City of Newport v. Fact Concerns, Inc*., 453 U.S. 247, 271 (1981); *Puga*, 2025 WL 3567159, at *8; *Pan v. City of Sunnyvale*, No. 5:17-cv-01128-EJD, 2017 WL 3593345, at *2 (N.D. Cal. Aug. 21, 2017) (same).

### E.    Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be

United States District Court
Northern District of California

8

freely granted when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotations and citation omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Although Mr. Taylor has already had an opportunity to amend his complaint, the prior amendment was made voluntarily and without the benefit of a court order. In view of Mr. Taylor's self-represented status, and assertions in his opposition papers that he may be able to allege additional facts on a further amendment, he is given leave to amend his claims to address the deficiencies discussed in this order. Mr. Taylor may not add new claims or parties absent leave of Court.

## IV.    CONCLUSION

Based on the foregoing, the City's motion to dismiss the FAC is granted, with leave to amend consistent with the rulings above. The amended complaint must be filed by **March 6, 2026**. It should be titled "Second Amended Complaint" and must include the caption and civil case number used in this order, Case No. 25-cv-06072-VKD. If Mr. Taylor chooses not to amend his complaint, he shall file a statement so advising the Court by **March 6, 2026**.

**IT IS SO ORDERED.**

Dated: February 4, 2026

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

9