UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KENT TAYLOR,

Plaintiff,

v.

JACOB HUMPHREYS, et al.,

Defendants.

Case No. 25-cv-06072-VKD

**ORDER RE OCTOBER 2, 2026 DISCOVERY DISPUTE RE PLAINTIFF'S DEPOSITION**

Re: Dkt. No. 67

On October 2, 2026, defendants unilaterally filed a discovery dispute letter asking the Court to order plaintiff Kent Taylor to submit to an in-person deposition in California before the close of fact discovery. Dkt. No. 67 at 1. Defendants advise that Mr. Taylor refused to timely participate in the submission of a joint letter. *Id.* at 3. The Court ordered Mr. Taylor to file a response to defendants' discovery dispute letter by October 16, 2026. Dkt. No. 68. On October 19, 2026, three days after that deadline, Mr. Taylor filed a document titled "Model Stipulated Protective Order," which the Court construes as his response to defendants' discovery dispute letter. *See* Dkt. No. 69. The Court finds this dispute suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Defendants wish to take Mr. Taylor's deposition, in person, in California before the close of fact discovery on November 20, 2026. Dkt. No. 67 at 1-3. They initially noticed his deposition for September 9, 2026, but Mr. Taylor did not appear for that deposition and did not seek relief from the Court. *Id.* at 1. Defendants now seek an order compelling Mr. Taylor's attendance.

Mr. Taylor objects to the location of the deposition, as well as its timing. Dkt. No. 69 at 5. On June 25, 2026, Mr. Taylor filed a notice advising the Court of new contact information at a

post office box in New York, where he apparently has been living for several months. *See* Dkt. No. 66; Dkt. No. 69 at 5. Mr. Taylor argues that having to travel to California for deposition "will cause hardship, specific harm or prejudice" and "will affect [his] annual budget, causing significant difficulty or expense, based on [his] financial resources." Dkt. No. 69 at 6. He explains that he is experiencing a "family emergency" related to his parents' health, and that other family members cannot assist him with the obligations related to the family emergency. *Id.* He does not object to having his deposition taken, but he does not suggest a date or location for the deposition, or any alternative means for taking it. Instead, he states that he is "amenable to meet and confer on scheduling the deposition at a mutually convenient date and time." *Id.* at 5.

Defendants respond that, as the plaintiff, Mr. Taylor is expected to submit to a deposition in the judicial district where the action is pending. *Id.* at 1. Defendants argue that Mr. Taylor has not demonstrated he is financially unable to travel to California for a deposition or that he cannot obtain others' assistance with caring for his parents while he do so. *Id.* at 2. Defendants argue that an in-person deposition is necessary because of the nature of Mr. Taylor's claims, his failure to appear for prior proceedings in this case, and his lack of cooperation in conducting discovery in this case. *Id.* Defendants observe that Mr. Taylor does not have a computer, and he does not otherwise have reliable access to the equipment, internet service, and private space that would be necessary for conducting his deposition by remote means. *Id.*

A plaintiff generally must make himself available for deposition in the forum district. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-3078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015).[1] However, the Court may, in its discretion, upon a showing of good cause, require a plaintiff's deposition to proceed in a different location. *See* Fed. R. Civ. P. 26(c)(1) (A court may prescribe the time, place, and terms of the deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994), *as amended* (July 25, 1994) ("A district court has wide discretion to establish the time and place of depositions."). In making this

[1] Because Mr. Taylor is a party, not a non-party, the protections of Rule 45 do not apply to his deposition.

determination, a court may consider the convenience of the parties and counsel, the convenience of the persons to be deposed, the likelihood of discovery disputes arising that would require resolution by the forum court, the burden and expense associated with a particular deposition location, and other factors. *See Music Grp.*, 2015 WL 13423886, at *2.

Mr. Taylor is properly subject to the general presumption that a plaintiff must submit to a deposition in the forum where he initiated the action. Mr. Taylor initiated this action in the Northern District of California. Accordingly, Mr. Taylor has the burden to show that requiring him to appear in person for a deposition in California would be unduly burdensome, or that other circumstances support the entry of a protective order prescribing that his deposition occur at some other location or by other means. The Court considers the following relevant factors:

First, Mr. Taylor identifies no facts supporting his claim that the expense of traveling from New York to California would pose an undue financial hardship. He asserts in conclusory fashion only that such travel "will affect [his] annual budget, causing significant difficulty or expense, based on [his] financial resources." Dkt. No. 69 at 6. He provides no information about what his financial resources are, nor does he explain how the travel expenses he expects to incur would impact his "annual budget." *See id.* On the other hand, at the time he initiated this action, Mr. Taylor represented that he was unemployed, had very limited funds, and had significant debt. Based on those representations, the Court permitted Mr. Taylor to proceed *in forma pauperis*. For purpose of this dispute, the Court assumes that Mr. Taylor still qualifies for *in forma pauperis* status and that the expense of travel from New York to California would pose a financial hardship for him.

Second, given the nature of the claims asserted in this case, and the fact that Mr. Taylor is an important (if not the most important) witness with respect to his affirmative claims, the Court finds defendants' argument on the importance of an in-person deposition persuasive. If not for Mr. Taylor's *in forma pauperis* status, the Court would require him to travel to California for deposition. *See Music Grp.*, 2015 WL 13423886, at *3 (denying request that deposition of "critical witness" be conducted by videoconference, in part, because deposition by remote means prejudices a party's ability to assess a witness's credibility).

Third, Mr. Taylor's failure to appear at the motion hearing on January 13, 2026 (an in-person hearing), *see* Dkt. No. 51 at 1, and at the case management conference on March 31, 2026 (a remote hearing), *see* Dkt. No. 65 at 1, strongly suggest that he will not appear for his deposition at all, regardless of whether the deposition is conducted in person or by remote means, and even if ordered to do so by the Court. Mr. Taylor's response to defendants' discovery dispute letter does not assuage the Court's concerns on this point.

The circumstances presented leave few options available to the Court to ensure the defendants obtain the discovery they require in a manner that "secure[s] the just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1. Accordingly, at this time, and based solely on his assertion of financial hardship, the Court finds that Mr. Taylor has shown good cause for an order requiring defendants to take his deposition by means other than an in-person deposition in California. However, he has not shown good cause for an order directing the parties to confer further on a mutually agreeable date or location for the deposition.

The Court therefore orders as follows:

1. Mr. Taylor must submit to a full day deposition of 7 hours on the record (not counting breaks) on or before the close of discovery on November 20, 2026.
2. If defendants wish to take Mr. Taylor's deposition in person, the deposition shall be conducted in New York, New York at a location of defendants' choosing that is in an office or other professional setting.
3. If defendants instead elect to take Mr. Taylor's deposition by remote videoconference means, defendants shall make the necessary arrangements for Mr. Taylor to appear remotely at an appropriate location in New York, New York (such as an attorney's office, a court reporter's office, or a private office or conference room in a serviced office or co-working facility), with the equipment and internet service necessary for conducting a deposition by remote means.
4. By **October 28, 2026**, defendants shall advise Mr. Taylor by email (or other writing) whether defendants will take Mr. Taylor's deposition in person or by remote means. In addition, defendants shall identify at least 5 dates, on weekdays, on which they are

United States District Court
Northern District of California

prepared to take Mr. Taylor's deposition on or before November 20, 2026. Mr. Taylor shall select one of defendants' proposed dates and shall so inform defendants' counsel of his selection by email no later than **November 2, 2026**.

5. Defendants shall notice Mr. Taylor's deposition for the date he selects from among the at least 5 proposed dates. If Mr. Taylor fails to select a date as required by paragraph 4, above, defendants may choose the date from among the at least 5 proposed dates and shall notice Mr. Taylor's deposition for that date. The notice for Mr. Taylor's deposition must include the date, time, and location of the place where Mr. Taylor must appear.

The Court reminds Mr. Taylor that if he fails to appear and give testimony as required in his deposition, he may be subject to sanctions, as provided in Rules 30 and 37 of the Federal Rules of Civil Procedure.

As noted above, Mr. Taylor titled his response to defendants' discovery dispute letter as a "Model Stipulated Protective Order." *See* Dkt. No. 69. That title is inaccurate, as there is no indication defendants stipulated to that document or to any other proposed protective order. However, to facilitate the completion of discovery, the Court adopts the District's Model Protective Order for Standard Litigation, as modified, and will enter that order separately on the docket.

**IT IS SO ORDERED.**

Dated: October 21, 2026

Virginia K. DeMarchi
United States Magistrate Judge